1  DANIEL S. FLOYD, SBN 123819
   DFloyd@gibsondunn.com
2  NADIA A. SARKIS, SBN 227778
   NSarkis@gibsondunn.com
3  ELAINE K. KIM, SBN 242066
   EKim@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
6  Facsimile: (213) 229-7520

7  Attorneys for Plaintiffs/Counter-
   Defendants
8  MEDTRONIC MINIMED, INC. and
   MINIMED DISTRIBUTION
9  CORPORATION

DYKEMA GOSSETT LLP
Craig N. Hentschel, SBN: 66178
chentschel@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

ROPES & GRAY LLP
Bradford J. Badke (Pro Hac Vice)
jim.badke@ropesgray.com
Sona De, SBN: 193896
sona.de@ropesgray.com
Matthew A. Traupman (Pro Hac Vice)
matthew.traupman@ropesgray.com
Simon A. Fitzpatrick (Pro Hac Vice)
simon.fitzpatrick@ropesgray.com
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Attorneys for
Defendants/Counterclaimants
NOVA BIOMEDICAL CORPORATION,
DEGC ENTERPRISES (U.S.), INC. d/b/a
CCS MEDICAL AND SANVITA, INC.



10

11

12

13

14

15          **UNITED STATES DISTRICT COURT**

16          **CENTRAL DISTRICT OF CALIFORNIA**

17          **WESTERN DIVISION**

18  MEDTRONIC MINIMED, INC., a
    Delaware corporation, and MINIMED
19  DISTRIBUTION CORPORATION, a
    Delaware Corporation,
20
            Plaintiffs,
21
22          v.
23  NOVA BIOMEDICAL CORPORATION,
    a Massachusetts corporation; DEGC
24  ENTERPRISES (U.S.), INC. d/b/a CCS
    MEDICAL, a Florida corporation;
25  SANVITA, INC., a Florida corporation;
    and DOES 1 to 10, inclusive,
26
            Defendants.
27
28

CASE NO. CV08-00788 SJO (PJWx)

**STIPULATION AND [PROPOSED]
AMENDED PROTECTIVE ORDER**

Gibson, Dunn &
Crutcher LLP      3637175_1.DOC

NOVA BIOMEDICAL CORPORATION, a Massachusetts corporation; DEGC ENTERPRISES (U.S.), INC. d/b/a CCS MEDICAL, a Florida corporation; SANVITA, INC., a Florida corporation;

Counterclaimants,

v.

MEDTRONIC MINIMED, INC., a Delaware corporation, and MINIMED DISTRIBUTION CORPORATION, a Delaware Corporation,

Counter-Defendants.

Plaintiffs/Counter-Defendants Medtronic MiniMed, Inc. and MiniMed Distribution Corporation, and Defendants/Counterclaimants Nova Biomedical Corporation, DEGC Enterprises (U.S.), Inc. d/b/a CCS Medical, and Sanvita, Inc. stipulate, pursuant to Fed. R. Civ. P. 26(c), that the following Protective Order may be entered by the Court:

## 1.    **Introduction and Scope.**

This Protective Order shall govern any designated record of information produced in this Action, including all designated motions and other papers submitted to the Court in this Action, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, Documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery or as part of any disclosure required by Rule 26 of the Federal Rules of Civil Procedure or local rule.

Gibson, Dunn & Crutcher LLP

3637175_1.DOC

2.   **Definitions.**

   a)   "Action": refers to the above-captioned matter, <u>Medtronic MiniMed, Inc. et al. v . Nova Biomedical Corp. et al.</u>, Case No. CV08-00788 SJO (PJWx), now pending in the United States District Court for the Central District of California.

   b)   "Confidential Information": means any non-public, commercially valuable information of a Producing Party that meets the criteria stated in the Introduction of this Protective Order.

   c)   "Counsel" (without qualifier): includes Outside Counsel and House Counsel, as well as their support staffs, as defined herein.

   d)   "Documents": means all information, documents or things within the scope of Fed. R. Civ. P. Rule 34.

   e)   "House Counsel": means attorneys who are employees of a Party to this Action.

   f)   "Outside Counsel": means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

   g)   "Party": refers to any party to the Action, including all of its officers, directors, and employees, and its Outside Counsel retained by that party for this Action, including such counsel's support staff.

   h)   "Producing Party": refers to a Party or third party that designates Documents or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order.

   i)   "Protected Material": refers to any Document or testimony that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order.

   j)   "Receiving Party": a Party that receives Documents in the Action.

Gibson, Dunn &
Crutcher LLP

3637175_1.DOC

3

k)  "Termination of this Action": refers to the earlier of: (a) when there is a settlement with prejudice in this Action with respect to all causes of action; (b) when there is a final judgment ending this Action that is no longer subject to appeal; and (c) when there is an appellate opinion ending this Action that is no longer subject to further appeal or petition for review.

**3.   Designation of Documents.**

Each Producing Party shall have the right to designate as confidential and subject to this Protective Order any information, Document or portion of any Document produced by it or a third party in this litigation, which the Producing Party believes in good faith contains its trade secrets or other confidential technical, business or financial information.  This designation shall be made by stamping each page of the Document or electronically stored information containing Confidential Information with the legend "CONFIDENTIAL – Subject To Protective Order" or "HIGHLY CONFIDENTIAL – Subject to Protective Order" prior to its production or, if inadvertently produced without such legend, by promptly furnishing written notice to the Receiving Party that the information or Document shall be CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Documents in question.  To the extent that the Receiving Party has already disclosed such information or Document, the Receiving Party shall promptly collect any copies of Protected Material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the Producing Party.

With respect to all materials provided for inspection by a Producing Party's counsel, designation by stamping or labeling as CONFIDENTIAL or HIGHLY CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel.  Making Documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all

1    materials provided for inspection by a Producing Party's counsel shall be treated as

2    though designated as HIGHLY CONFIDENTIAL at the time of the inspection.

3        **4.**    **Limit on Use of Designated Information.**

4        Each Party and all persons bound by the terms of this Protective Order shall use

5    any information or Document governed by this Protective Order only for the purpose

6    of prosecution or defense of this Action; no Party or other person shall use any

7    information or Document governed by this Protective Order for any purpose other than

8    the prosecution or defense of this Action.  It is, however, understood that Counsel for a

9    Party may give advice and opinions to his or her client based on his or her evaluation

10   of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL

11   produced by the opposing Party provided that such rendering of advice and opinions

12   shall not reveal the content of such information except by prior agreement with

13   Counsel for the Producing Party.  The attorneys of record for the Parties shall exercise

14   reasonable care to ensure that the information and Documents governed by this

15   Protective Order are (a) used only for the purposes specified herein, and (b) disclosed

16   only to authorized persons.

17       **5.**    **CONFIDENTIAL Material.**

18       Except as otherwise provided by written stipulation of the Producing Parties or

19   by further order of the Court, Documents or information designated as

20   CONFIDENTIAL shall only be disclosed on a need-to-know basis.  No Documents or

21   information designated as CONFIDENTIAL shall be disclosed by the Receiving Party

22   to any third party except by written stipulation of the Producing Parties or by order of

23   the Court.  The Parties shall store and maintain information and Documents designated

24   as CONFIDENTIAL in a secure manner to ensure that access is limited to the

25   individuals authorized under this Protective Order.

26

27

28

**6.      Persons With Access to CONFIDENTIAL Materials.**

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any Protected Material designated as CONFIDENTIAL only to:

a)      the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel working solely in legal, secretarial, clerical, and paralegal capacities and who are assisting those attorneys in this Action, and persons working for outsourced litigation support services for the purposes of this Action;

b)      authors, creators, addressees, and recipients of the Protected Material, who prior to the Action, lawfully received or had access to the Protected Material, including the officers, directors, or employees (including House Counsel) of the Producing Party;

c)      expert witnesses or outside consultants and the employees or agents of such experts or consultants who are assisting them for the purposes of this Action, retained by the Receiving Party or the Receiving Party's Outside Counsel in connection with this Action after compliance with the procedures of Paragraph 10 of this Protective Order;

d)      stenographers, videographers, translators, and their staffs retained for this Action;

e)      the Court and its personnel, and

f)      no more than five (5) officers, directors, or employees (including House Counsel) of a Party that is the Receiving Party, whose cooperation or assistance is reasonably necessary to enable the Party's Outside Counsel to prepare for trial in this Action.  The Receiving Party shall identify the positions held within the Receiving Party by title or other descriptive means, in writing, to

the Producing Party at least five (5) business days prior to the first disclosure of such Protected Material to such individual persons. The Receiving Party may substitute an individual person holding one of the so-identified positions, without notice to the Producing Party, if such a person terminates his or her position as an officer, director or employee of the Receiving Party, so long as no more than five (5) such persons at any time are in possession or receive Protected Material from the Producing Party.

**7.    HIGHLY CONFIDENTIAL Material.**

Any Document or testimony of a Producing Party which contains particularly sensitive competitive Confidential Information may be designated as HIGHLY CONFIDENTIAL.  Such treatment shall apply to any so designated Document, testimony, or other discovery material, all copies thereof, and all derived abstracts, summaries, or notes thereof to the extent they refer to the confidential information contained therein.  By way of example, but not limitation, some of the types of information that may be designated as HIGHLY CONFIDENTIAL include:

    a)    The names, or other information tending to reveal the identities, of a Party's suppliers, present or prospective customers, or distributors;

    b)    Information relating to pending and not yet published patent applications;

    c)    Financial information, including but not limited to identifying the number of products sold, total dollar value of sales products, and profit margins for products;

    d)    Information constituting product specifications and/or regarding the technology used to make the accused products which is maintained as confidential;

e) Technical notebooks and technical, including schematic diagrams, technical reference manuals, operations manuals, or other like non-public information;

f) Proprietary systems and processes; and

g) Marketing plans.

Other categories of HIGHLY CONFIDENTIAL information may exist. Disputes regarding whether material is properly designated as "HIGHLY CONFIDENTIAL," shall be resolved in accordance with Paragraph 18 below.

**8. Persons with Access to Protected Material Designated as HIGHLY CONFIDENTIAL.**

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any Protected Material designated as HIGHLY CONFIDENTIAL only to the persons identified in sections 6(a)-(e) above.

**9. Exercise of Restraint in Designation.**

The Producing Party agrees to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's or the public's access to information concerning the lawsuit. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Producing Party shall promptly notify the Receiving Party that it is withdrawing or altering the mistaken designation.

**10. Identification of Experts or Outside Consultants.**

A Party proposing to disclose Documents or things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to outside experts or outside consultants under Paragraph 5 and 7 above, shall first obtain from each expert or consultant a signed undertaking in the form of Exhibit A hereto and a current résumé or curriculum vitae. A copy of said undertaking and résumé shall be served upon

1    Counsel for the Producing Party. The Producing Party shall then have five (5)

2    business days to serve a written objection to such disclosure. Any written objection

3    shall state with specificity the reason(s) for such objection. If the Producing Party

4    objects within five (5) business days, there shall be no disclosure to such expert or

5    consultant except by the Parties' agreement or further order of the Court pursuant to

6    resolution of a motion brought by Counsel for the Party proposing disclosure. If

7    within the five-day period the Producing Party objects to the disclosure, Counsel shall

8    consult with each other to reach an agreement. Failing that, and for good cause shown,

9    the Party proposing disclosure to the expert or consultant may file a motion seeking

10   permission to make the disclosure. On any such motion, the Producing Party shall

11   bear the burden of showing why disclosure to that expert or consultant should be

12   precluded.

13       For purposes of this Protective Order, "experts or outside consultants" means an

14   expert or independent consultant or contractor who is not an employee of the Parties or

15   of a competitor of the Parties, and is retained solely for the purpose of advising and

16   assisting Counsel in the preparation or trial of this Action or retained to give expert

17   testimony or retained for both purposes, and his or her secretarial assistants, to whom it

18   is necessary to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents

19   and information for the purposes of this Action.

20       **11.   Related Documents.**

21       Documents and information designated as CONFIDENTIAL or HIGHLY

22   CONFIDENTIAL shall include (a) all copies, extracts and complete or partial

23   summaries prepared from such Documents or information; (b) portions of deposition

24   transcripts and exhibits thereto which contain or reflect the content of any such

25   Documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any

26   other writing filed with the Court and exhibits thereto which contain or reflect the

27   content of any such Documents, copies, extracts, or summaries; and (d) deposition

28   testimony designated in accordance with Paragraph 12 below.

**12.    Designation of Deposition Transcripts.**

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL or HIGHLY CONFIDENTIAL by the reporter, as the Producing Party may direct; or (b) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all Counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the Producing Party. Accordingly, all deposition transcripts not previously designated pursuant to (a) above, shall be treated as if designated HIGHLY CONFIDENTIAL by the Parties for a period of fourteen (14) days after receipt of the transcript.

The Producing Party shall have the right to exclude the following persons from a deposition before the taking of testimony designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and subject to this Protective Order: all persons except those provided for in Subparagraphs 6(a), (c), and (d) above, and the deponent.

**13.    Use in Court Proceedings**

Any hearing or other proceeding that refers to or describes either CONFIDENTIAL or HIGHLY CONFIDENTIAL information may, in the Court's discretion, be held *in camera*, out of the presence of all unqualified persons, and any transcript or portion thereof relating thereto shall, subject to the Court's approval, be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and sealed. The Producing Party may request that the proceeding be conducted *in camera*. Notwithstanding the designations given to CONFIDENTIAL or HIGHLY CONFIDENTIAL material, any Court hearing or other Court proceeding which refers to or describes CONFIDENTIAL or HIGHLY CONFIDENTIAL material may, in the Court's discretion, be held in open court without affecting the confidentiality of such

information, and any sealed records referenced or described in such hearing or proceeding shall remain sealed.

**14.   Disclosure to Author or Recipient.**

Notwithstanding any other provision of this Order, nothing herein shall prohibit Counsel for a Party from disclosing a Document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person whom the Document clearly identifies as an author, addressee, or carbon copy recipient of such Document; and regardless of designation pursuant to this Order, if a Document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, Counsel may discuss such conduct or statements with such witness without revealing any portion of the Document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of Paragraphs 5-8 above.

**15.   Designation of Documents Under Seal.**

Any information or Documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The Party filing any paper which reflects, contains or includes any information or Document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the Action, the Party filing the materials, the nature of the materials filed, the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should not be opened nor its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

After Termination of this Action, any materials filed with the Court under seal shall be kept under seal or be returned to the Party filing it for disposition as provided for in Paragraph 21 below.

1   Where a Receiving Party intends to attach a Document as an exhibit to a paper

2   to be filed with the Court, which Document the Receiving Party believes has

3   incorrectly been designated under this Protective Order and need not be filed under

4   seal, upon 72 hours written notice to the Producing Party by the Receiving party, the

5   Producing Party will consider the propriety of its designation, and inform the

6   Receiving Party whether or not it will insist on the filing of the Document under seal

7   upon termination of the 72-hour period.  Upon confirmation by the Producing Party

8   that the Document is CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Receiving

9   Party agrees to file the Document under seal pursuant to the terms of this Protective

10  Order or follow the procedures set forth in Paragraph 18 to challenge the

11  confidentiality designation.

12      **16.    Confidentiality of Party's Own Documents.**

13      No person may disclose, in public or private, any designated information or

14  Documents except as provided for in this Protective Order; but nothing herein shall

15  affect the right of the Producing Party to disclose to its officers, directors, employees,

16  consultants or experts, or to any other person, information or Documents designated by

17  it as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Such disclosure shall not

18  waive the protections of this Protective Order and shall not entitle other Parties or their

19  attorneys to disclose such information or Documents in violation of this Protective

20  Order.

21      **17.    Preparation of Witness and Exhibit Designation.**

22      Any Party may mark any designated material as an exhibit to a deposition,

23  hearing or other proceeding and examine any witness thereon, provided the exhibit and

24  related transcript pages receive the same type of confidentiality designation as the

25  original Document.

26      **18.    Other Protections; Challenge to Confidentiality Designation.**

27      (a)    This Protective Order shall not preclude any Producing Party from

28  seeking and obtaining, on an appropriate showing, such additional protection with

Gibson, Dunn &
Crutcher LLP

3637175_1.DOC

12

respect to the confidentiality of Documents or other discovery material as that Party

may consider appropriate.  Nor shall any Party be precluded from (i) claiming that any

matter designated hereunder is not entitled to the protections of this Protective Order,

(ii) applying to the Court for an Order permitting disclosure or use of information or

Documents otherwise prohibited by this Protective Order, or (iii) applying for an Order

modifying this Protective Order in any respect.  No Party shall be obligated to

challenge the propriety of any confidentiality designation and failure to do so shall not

preclude a subsequent attack on the propriety of such designation.

        (b)    On any motion challenging the designation of any Document or

other record of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the

burden of justifying the designation shall lie with the Producing Party.

      **19.**    **Inadvertent Production of Privileged Materials.**

Any Producing Party that mistakenly produces materials protected by the

attorney-client privilege, work product doctrine, or other privilege, doctrine, or right

may obtain the return of those materials by promptly notifying the recipients of the

privilege and thereafter providing a privilege log therefor.  The recipients shall then

gather and return all copies of the privileged materials to the producing Party, except

for any pages containing privileged markings by the recipient which shall instead be

destroyed and certified as such by the recipient to the producing Party.  This provision

is in addition to the obligations a Party has under the Federal Rules of Civil Procedure,

including obligations under Fed. R. Civ. P. 26(b)(5)(B).

      **20.**    **Non-Party Material.**

The terms of this Protective Order are also applicable to CONFIDENTIAL or

HIGHLY CONFIDENTIAL information submitted by a non-party, and such

information produced by a non-party in connection with this litigation is protected by

the remedies and relief provided by this Protective Order.  A non-party providing

information to all the Parties through either formal or informal discovery means shall

(a) have the same right as a Party to designate any such information under this

Protective Order; and (b) shall have standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

**21.     Return or Destruction of Designated Information.**

Within thirty (30) days after Termination of this Action, Outside Counsel and all other persons having possession or control of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, including any briefs, motions, pleadings, expert reports or other Documents created during the course of this litigation that contain information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, shall either (1) return to the Producing Party's Outside Counsel, or (2) destroy all designated material and any copies thereof, except that any Documents or copies which contain or constitute attorney's work product may be retained by Outside Counsel. In the case where the latter option is used, the destroying Party shall give written notice certifying such destruction has taken place to Outside Counsel for the Producing Party within the thirty (30) day period.

**22.     Notification of Third Party Subpoena.**

If a Party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in this Action, such Party shall notify promptly the Party who produced the materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

**23.     Waiver or Termination of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each Producing Party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the Termination of this Action, but shall continue until further order of this Court, or by stipulation of the Parties.

24.   **Modification of Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties without further order of the Court.

In the event that the Parties modify this Protective Order pursuant to this provision after the production by a third party of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials, the third party's CONFIDENTIAL or HIGHLY CONFIDENTIAL materials will continue to be treated according to the terms of the Protective Order as at the time the third party's CONFIDENTIAL or HIGHLY CONFIDENTIAL materials were produced, subject to the third party's entitlement to consent to the application of the terms of the modified Protective Order to its CONFIDENTIAL or HIGHLY CONFIDENTIAL materials.

25.   **Continuing Jurisdiction.**

This Order is ongoing and shall survive Termination of this Action. The District Court for the Central District of California shall retain jurisdiction to enforce the Protective Order even after Termination of this Action.

The Parties through their undersigned counsel, agree to the terms of this Stipulation and [Proposed] Protective Order as of the last date shown below.

July 31, 2008

FOR PLAINTIFFS MEDTRONIC MINIMED, INC. and MINIMED DISTRIBUTION CORPORATION

Nadia A. Sarkis

GIBSON, DUNN & CRUTCHER, LLP
333 South Grand Avenue, Suite 4600
Los Angeles, California 90071-3197


July 31, 2008

FOR DEFENDANTS NOVA BIOMEDICAL CORPORATION, DEGC ENTERPRISES (U.S.), INC. d/b/a CCS MEDICAL, AND SANVITA, INC.

Case 2:08-cv-00788-SJO-PJW   Document 124   Filed 08/06/08   Page 16 of 20   Page ID
#:1653
Case 2:08-cv-00788-SJO-PJW   Document 123   Filed 07/31/2008   Page 16 of 18

1  *[signature]*

2  Craig N. Hentschel

3  DYKEMA GOSSETT LLP

4  333 South Grand Avenue, Suite 2100
   Los Angeles, California 90071-3197

5

6  ROPES & GRAY LLP

7  1211 Avenue of the Americas
   New York, NY 10036-8704

8  100467138_2.DOC

9  *IT IS SO ORDERED.*

10

11

12  *Dated: 8/5/08*

13

14

15

16  *[signature]*

17  PATRICK J. WALSH

18  U.S. MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

1
2
3
4

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

5

MEDTRONIC MINIMED, INC., a
Delaware corporation, and MINIMED
DISTRIBUTION CORPORATION, a
Delaware Corporation,

CASE NO. CV08-00788 SJO (PJWx)

6

7

8              Plaintiffs,

9        v.

10   NOVA BIOMEDICAL CORPORATION,
     a Massachusetts corporation; DEGC
11   ENTERPRISES (U.S.), INC. d/b/a CCS
     MEDICAL, a Florida corporation;
12   SANVITA, INC., a Florida corporation;
     and DOES 1 to 10, inclusive,
13
14              Defendants.

15   NOVA BIOMEDICAL CORPORATION,
     a Massachusetts corporation; DEGC
16   ENTERPRISES (U.S.), INC. d/b/a CCS
     MEDICAL, a Florida corporation;
17   SANVITA, INC., a Florida corporation;

18              Counterclaimants,

19        v.

20   MEDTRONIC MINIMED, INC., a
     Delaware corporation, and MINIMED
21   DISTRIBUTION CORPORATION, a
     Delaware Corporation,
22

23              Counter-Defendants.

24

25          I have read the Protective Order applicable to the above-captioned actions.  I

26   understand its terms and agree to be fully bound by them, and hereby submit to the

27   jurisdiction of the United States District Court for the Central District of California for

28   purposes of the enforcement of the Protective Order.  I understand, in particular, that

Gibson, Dunn &
Crutcher LLP

3637175_1.DOC

17

1  any CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and any

2  copies, excerpts or summaries thereof and materials containing information derived

3  therefrom, as well as any knowledge or information derived from any of the

4  aforementioned items, may be used only for purposes of this litigation and may not be

5  used for any other purpose, including without limitation, any business or commercial

6  purpose.  I further understand that failure to abide fully by the terms of the Protective

7  Order may result in legal action against me, including being held in contempt of court

8  and liability for monetary damages.  A copy of my curriculum vitae is attached hereto.

9

10  AGREED TO AND ACCEPTED:

11  Dated:

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

3637175_1.DOC

## Stipulation

2:08-cv-00788-SJO-PJW Medtronic Minimed, Inc. v. Nova Biomedical Corporation et al (PJWx), AO120, DISCOVERY, MANADR

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

#### Notice of Electronic Filing

The following transaction was entered by Sarkis, Nadia on 7/31/2008 at 12:45 PM PDT and filed on 7/31/2008

| | |
|---|---|
| **Case Name:** | Medtronic Minimed, Inc. v. Nova Biomedical Corporation et al |
| **Case Number:** | 2:08-cv-788 |
| **Filer:** | Medtronic Minimed, Inc. |
| | Minimed Distribution Corporation |

**Document Number:** 123

**Docket Text:**
**STIPULATION for Protective Order filed by Plaintiff Minimed Distribution Corporation, Medtronic Minimed, Inc.. (Attachments: # (1) Proposed Order re Amended Protective Order)(Sarkis, Nadia)**

**2:08-cv-788 Notice has been electronically mailed to:**

Moriah R Agovino    moriah.agovino@ropesgray.com

Bradford J Badke    jim.badke@ropesgray.com

Sona De    sona.de@ropesgray.com

Simon A Fitzpatrick    simon.fitzpatrick@ropesgray.com

Daniel S Floyd    dfloyd@gibsondunn.com

Craig N Hentschel    chentschel@dykema.com, cacossano@dykema.com

Elaine Ki Jin Kim    ekkim@gibsondunn.com

Andrew T Radsch    andrew.radsch@ropesgray.com

Nadia A Sarkis    nsarkis@gibsondunn.com

Matthew A Traupman    matthew.traupman@ropesgray.com

**2:08-cv-788 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\bs1\Desktop\1 - Current Filing\Stipulation And Proposed Amended Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=7/31/2008] [FileNumber=6257542-0]
[853915d7d2de974ebc30d6f0f0073fa7818543ae674debdc82b4c5e7180c321f625d
6d3620c7a943bab5059ed038de6a37cf5c1d5de0bdb3ee8461eacc3a1cc8]]
**Document description:**Proposed Order re Amended Protective Order
**Original filename:**C:\Documents and Settings\bs1\Desktop\1 - Current Filing\Proposed Amended Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=7/31/2008] [FileNumber=6257542-1]
[8d8a16d849fad97d351edfae64a592a3e00f63c6693a73893a43a8245f5052000aa2
55a0e0e74aa38a07c89bbf29c3f2aad0e56d082cf721738304b7f895639b]]